## JOHN DEERE PLOW CO. v. LAKESIDE STATE BANK.

A motion for new trial being based, in part at least, upon a purported bill of exceptions, which has been stricken from the record, there is nothing before the Supreme Court upon which it can base a decision on an appeal from an order granting the new trial.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, Charles Mix County. Hon. E. G. SMITH, Judge.

Action by the John Deere Plow Company against the Lakeside State Bank. Verdict for defendant, and, from an order granting a new trial, it appeals. Affirmed.

*G. M. Caster,* for appellant. *J. W. Lindsay* and *A. B. Beck,* for respondent.

WHITING, P. J. This cause is before this court upon an appeal from the order of the trial court granting a new trial. Upon motion of respondent, and after due notice, this court on March 2, 1910, struck from the record herein the purported bill of exceptions, and granted to appellant "to take such steps as he may see fit to have settled a proper bill of exceptions herein." On December 11, 1909, appellant filed in this court its abstract upon appeal, which said abstract sets forth a record, a large part of which is based upon such purported bill of exceptions.

On April 25, 1910, the parties hereto, through their counsel, entered into a stipulation in words as follows: "It is hereby mutually stipulated and agreed by and between the parties hereto that the bill of exceptions and abstract heretofore filed by the defendant and appellant and the amended abstract filed by plaintiff and respondent shall, by leave of the court, stand as a true and correct and settled bill of exceptions and as a true and correct abstract of this case, and that this cause shall be submitted to the court upon the briefs to be hereafter filed by the respective

parties as soon as the same is reached in its regular order upon the calendar. It is further stipulated that the defendant and appellant shall have 20 days from this date in which to prepare, serve, and file its briefs herein, and that the plaintiff and respondent shall have 30 days thereafter in which to serve and file its briefs. Dated at Lake Andes, South Dakota, this 18th day of April, 1910." The above stipulation was never approved by this court, and appellant has wholly failed to take any steps to settle a proper bill of exceptions. This cause appears upon the calendar of this court as set for final submission on April 26, 1910. Appellant has wholly failed to present to this court any brief upon his appeal, or to ask for further time within which to submit brief, or appear and argue said cause, but has abandoned such appeal. Moreover, from the abstract upon file, it would appear that the motion for new trial was based, in part at least, upon the purported bill of exceptions, which being stricken from the records leaves nothing before this court upon which we could base a decision upon the merits of the appeal herein.

The order of the trial court is affirmed.

SMITH, J., taking no part in this decision.